UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Matthew Umstead,   Case No. 5:18-cv-1066

        Petitioner,

v.   MEMORANDUM OPINION
AND ORDER

Warden Dave Marquis,

        Respondent.

### I. INTRODUCTION

Petitioner Matthew Umstead seeks a writ of habeas corpus under 28 U.S.C. § 2254, challenging his drugs and weapons convictions following a jury trial in the Holmes County, Ohio Court of Common Pleas. (Doc. No. 1). Magistrate Judge James R. Knepp, II reviewed the petition as well as the related briefing pursuant to Local Rule 72.2(b)(2) and recommends I deny the petition. (Doc. No. 9). Umstead filed objections to Judge Knepp's Report and Recommendation. (Doc. No. 11). He subsequently filed a motion seeking the appointment of counsel. (Doc. No. 12). For the reasons stated below, I deny Umstead's motion to appoint counsel, overrule his objections, adopt Judge Knepp's Report and Recommendation, and deny Umstead's petition.

## II. BACKGROUND

Following a jury trial on April 7 and 8, 2016, Umstead was found guilty of illegal manufacture of drugs, illegal assembly or possession of chemicals for the manufacture of drugs, aggravated possession of drugs, tampering with evidence, two counts of endangering children, having weapons while under disability, and aggravated possession of drugs. Umstead was found not guilty of firearm specifications attached to four of the counts. He received an aggregate sentence of 16 years and six months in prison.

Umstead must demonstrate, by clear and convincing evidence, that the state court's factual findings were incorrect. 28 U.S.C. § 2254(e)(1). He offers a general objection to the "entirety" of the Report and Recommendation but does not identify any potential errors in the state court's factual findings or Judge Knepp's recitation of the factual and procedural history of the case. (Doc. No. 11 at 1). I overrule Umstead's general objection and adopt in full the sections of the Report and Recommendation summarizing the factual and procedural history of the case. (Doc. No. 9 at 1-10).

## III. STANDARD

Once a magistrate judge has filed a report and recommendation, a party to the litigation may "serve and file written objections" to the magistrate judge's proposed findings and recommendations, within 14 days of being served with a copy. 28 U.S.C. § 636. Written objections "provide the district court with the opportunity to consider the specific contentions of the parties and to correct any errors immediately . . . [and] to focus attention on those issues – factual and legal – that are at the heart of the parties' dispute." *Kelly v. Withrow*, 25 F.3d 363, 365 (6th Cir. 1994) (quoting *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981) and *Thomas v. Arn*, 474 U.S. 140, 147 (1985)). A district court must conduct a *de novo* review only of the portions of the magistrate judge's findings and recommendations to which a party has made a specific objection. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3).

2

## IV. Discussion

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") prohibits the issuance of a writ of habeas corpus "with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim:

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."

28 U.S.C. § 2254(d).

Umstead asserts four grounds for relief:

**GROUND ONE**: Evidence was insufficient to sustain the convictions (14[th] Am. U.S. Const. Due Process).
    **Supporting Facts:** The state failed to prove all charges beyond a reasonable doubt.

**GROUND TWO:** Trial court erred in denying Appellant's motion to dismiss under [Criminal Rule] 29(A); (see 14th Am. U.S. Const.)
    **Supporting Facts:** Trial court violated Appellant's state and federal rights to due process when it denied Appellant's motion to dismiss charges where evidence did not support the convictions.

**GROUND THREE:** Trial counsel was ineffective in violation of Appellant's 6th and 14th Am. Rights under federal const.
    **Supporting Facts:** Trial counsel failed to file a motion to suppress; failed to object to hearsay testimony; failed to file a motion in limine; and trial counsel elicited testimony that was prejudicial to the defendant.

**GROUND FOUR:** Appellant's counsel was ineffective in violation of Appellant's 6th and 14th Am. rights to the U.S. Const.
    **Supporting Facts:** Appellate counsel failed to argue that the evidence was insufficient to support the sentence in this case and counsel failed to adequately argue that the evidence did not support the convictions in this case. Thus counsel on appeal was ineffective for these reasons. And, appellate counsel failed to challenge inadmissible expert testimony of Stephanie Laux.

(Doc. No. 9 at 10 (citing Doc. No. 1 at 5-10)).

### A.  GROUNDS ONE AND TWO

In his first two grounds for relief, Umstead asserts his convictions violate the Due Process Clause of the Fourteenth Amendment. Judge Knepp recommends I conclude the state court's decision was not contrary to or an unreasonable application of federal law and that I reject these claims. Umstead objects, arguing the prosecution failed to present sufficient evidence to carry its burden of proof at trial and that his rights were violated by the trial court's rejection of his motion for judgment of acquittal. (Doc. No. 11 at 1-3).

Habeas petitioners who seek relief based upon claims related to the sufficiency of the evidence at trial face a very challenging road. *See Coleman v. Johnson*, 566 U.S. 650 (2012) ("[E]vidence is sufficient to support a conviction if, 'after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt'") (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)) (emphasis in original). This "deferential" standard "leaves juries broad discretion in deciding what inferences to draw from the evidence presented at trial, requiring only that jurors 'draw reasonable inferences from basic facts to ultimate facts.'" *Coleman*, 566 U.S. at 655 (quoting *Jackson*, 443 U.S. at 319).

If a habeas court concludes no rational trier of fact could have found each essential element from the evidence presented, the court then must determine whether the state court was "objectively unreasonable" in upholding the jury's verdict. *Stewart v. Wolfenbarger*, 595 F.3d 647, 653 (6th Cir. 2010). "[A]n *unreasonable* application of federal law is different from an *incorrect* application of federal law." *Williams v. Taylor*, 529 U.S. 362, 410 (2000) (emphasis in original).

1.      **Drug-Offense-Related Convictions**

Umstead argues there was not sufficient evidence to support his convictions for illegal manufacture of drugs, illegal assembly or possession of chemicals for the manufacture of drugs, aggravated possession of drugs, tampering with evidence, two counts of endangering children, and aggravated possession of drugs, and therefore the state courts violated his due-process rights by denying his motion for judgment of acquittal and by refusing to overturn his convictions. (Doc. No. 11 at 1-3).

The Fifth District Court of Appeals, noting the state's case against Umstead primarily relied upon circumstantial evidence that he was complicit in the illegal actions of his co-defendants, nonetheless concluded that that evidence, when viewed in the light most favorable to the prosecution, was sufficient to support the jury's verdict. *Ohio v. Umstead*, 85 N.E.3d 518, 523-24 (Ohio Ct. App. 2017). The evidence at trial showed Umstead drove his co-defendants to 2 different pharmacies 20 miles apart, where they purchased pseudoephedrine. He then drove them back to his house, where Umstead remained while his co-defendants began cooking meth from the pseudoephedrine in a lab located inside an outbuilding on Umstead's property approximately 40 feet from the back of Umstead's house. *Id.* at 521, 523-24. The evidence further showed that the meth lab "was emitting a noxious smell." *Id.* at 524. Additionally, there was evidence that one co-defendant was burning a fire in Umstead's back yard, not far from the house or the outbuilding, which produced black smoke.

"Circumstantial evidence alone is sufficient to sustain a conviction and such evidence need not remove every reasonable hypothesis except that of guilt." *Stewart*, 595 F.3d at 656 (quoting *United States v. Kelley*, 461 F.3d 817, 825 (6th Cir.2006)); *see also Mills v. Larose*, 693 F. App'x 411, 416 (6th Cir. 2017) (rejecting habeas petitioner's sufficiency-of-the-evidence argument regarding petitioner's complicity-to-commit-felony-murder conviction because "participation in criminal intent

may be inferred from presence, companionship[,] and conduct before and after the offense is committed.") (quoting *Ohio v. Johnson*, 754 N.E.2d 796, 797 (Ohio 2001)).

What Umstead argues in essence is that the jury should have had reasonable doubt about his guilt on the drug, child-endangerment, and tampering-with-evidence charges. His arguments do not take proper notice of the deferential *Jackson* standard. Viewing the evidence in "the light most favorable to the prosecution," a rational trier of fact could conclude the evidence presented was sufficient to establish Umstead's guilt. *Glisson v. Johnson*, 705 F. App'x 361, 365-66 (6th Cir. 2017) (quoting *Coleman*, 566 U.S. at 654). Therefore, I overrule Umstead's objections to Judge Knepp's recommendation regarding Umstead's convictions on the drug-offense-related charges and deny Umstead's first and second grounds for relief to the extent they relate to those charges.

**2.      Weapons Charge**

Umstead also objects to Judge Knepp's recommendation concerning his weapons-while-under-disability conviction. (Doc. No. 11 at 2).

After Umstead's arrest on November 23, 2015, his mother, Mary Umstead, entered Umstead's bedroom on two occasions to look for checks, because Umstead had asked his mother to watch after his children and his financial affairs while he was in jail. (Doc. No. 7-2 at 139-141). The date on which she first looked for the checks is not clear. During her second attempt to look for checks in Umstead's bedroom, however, on November 28, 2015, she saw a gun through the slats on the headboard of the bed frame. (*Id.* at 141-42). She was in the bedroom with one of Umstead's sons, who said the weapon "was a 9 millimeter fully loaded automatic gun." (*Id.* at 142). Mary Umstead asked her grandson to remove the gun from the bed frame; after he did so, he unloaded the gun and he and Mary locked the gun and the ammunition in a filing cabinet in the bedroom. (*Id.*).

Mary Umstead testified that she did not see the gun on the first day she looked for checks in Umstead's bedroom, and that she did not have to move anything in order to see the gun through the slats of the headboard. (Doc. No. 7-3 at 2-3). She further testified that, between November 28, 2015 (the date on which she claims she found the gun) and December 17, 2015 (the date on which she called police to report she had found it), Umstead's ex-wife and her mother stayed in the house with the children while Mary Umstead has in the hospital after having surgery. (Doc. No. 7-2 at 141-42, 144-145).

On the day Umstead was arrested, deputies with the Holmes County Sheriff's Office searched Umstead's house, after obtaining a search warrant based upon the active meth lab being maintained on an outbuilding on Umstead's property. The deputies searched Umstead's bedroom, locating what later was determined to be meth in a safe in the bedroom. *Ohio v. Umstead*, 85 N.E.3d 518, 521-22 (Ohio Ct. App. 2017). The trial court record thus establishes these two things: (1) police officers searched Umstead's bedroom, where they found drugs; and (2) the officers did not find a firearm which Mary Umstead stated she could plainly see hanging on the back of the headboard – while looking not for contraband, but for a checkbook – at some point after Petitioner's arrest.

Umstead, unsurprisingly, takes issue with the jury's verdict on the weapons-possession charge. Ohio law provides that a defendant may be found guilty of illegally possessing a firearm if the defendant has constructive possession of the firearm – that is, if the defendant "has exercised dominion and control over the area in which the firearm was found," even if the defendant was not in immediate possession of the firearm. *Ohio v. Hopkins*, 112 N.E.3d 98, 118 (Ohio Ct. App. 2018); *see also Ohio v. Pitts*, No. 99 CA 2675, 2000-Ohio-1986, 2000 WL 1678020, at *9-10 (Ohio Ct. App. Nov. 6, 2000). In those cases, however, officers located the firearms in question while executing

7

search warrants at the time the defendant was arrested. Umstead, by comparison, was in jail when his mother discovered the gun and had been there for some time.

Viewing the evidence in the light most favorable to the prosecution, the trial court record established a firearm was found in a part of the house over which Umstead <u>at one point</u> had "dominion and control." *Hopkins*, 112 N.E.3d at 118. Even under this deferential standard, it is difficult to see how a jury could have concluded – beyond a reasonable doubt – that Umstead possessed the gun when no one saw the gun until at least several days, and perhaps several weeks, after Umstead was taken to jail.

Umstead, however, must do more than show the jury's verdict and the appellate court's decision were wrong. He must show the state court applied the *Jackson* standard in a manner that was objectively unreasonable. *Stewart*, 595 F.3d at 653. While there was ample reason for a jury to have been skeptical that the gun could have remained undiscovered for so long, particularly in light of the fact that deputies searched Umstead's bedroom for drugs, the record evidence does not prohibit the inference that Umstead had possessed the gun that was ultimately discovered strapped to the headboard of his bed. *Cf. Newman v. Metrish*, 543 F.3d 793, 801 (6th Cir. 2008) (Sutton, J., dissenting) ("*Jackson* takes for granted that reasonable minds may differ as to what conclusions a given set of facts will bear."). Because *Jackson* is designed to make room for the type of inference the jury drew – that Umstead strapped the gun to the back of the headboard of the bed located in his bedroom – I cannot conclude that the Fifth District applied the *Jackson* standard in a manner that was objectively unreasonable.

I conclude Umstead fails to show that the appellate court's sufficiency-of-the-evidence conclusion concerning the weapons-under-disability charge, even if incorrect, was objectively unreasonable. *Williams*, 529 U.S. at 410. Therefore, I overrule his objection and deny his first and second grounds for relief to the extent they relate to his weapons-possession conviction.

**B.     GROUNDS THREE AND FOUR**

Section 636(b) requires a party which disagrees with the magistrate judge's findings and recommendations to make a specific objection. 28 U.S.C. § 636(b)(1)(C). A petitioner cannot satisfy this requirement by making general objections which fail to specify the issues on which the magistrate judge purportedly erred. The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious. *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995).

Umstead's objections to Judge Knepp's recommendations as to Grounds Three and Four do not satisfy the requirements of § 636(b)(1)(C). He does not identify any specific issues regarding which Judge Knepp might have committed an error. Instead, he merely attempts to incorporate by reference all of the arguments he made on these grounds in his traverse and requests that I "review the record de-novo." (Doc. No. 11 at 3). By failing to identify the source of any purported error, Umstead fails to fulfill his obligation to make specific objections in order to preserve the issues for review. *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). Thus, I overrule Umstead's general objection and adopt Judge Knepp's recommendations as to Grounds Three and Four of the petition.

**C.     APPOINTMENT OF COUNSEL**

Lastly, Umstead also has filed a motion for the appointment of counsel. (Doc. No. 12). The Sixth Circuit holds there is no statutory right to appointed counsel in civil cases, but that such an appointment is within a court's discretion. *Glover v. Johnson,* 75 F.3d 264, 268 (6th Cir. 1996); *see also Abdur-Rahman v. Michigan Dept. of Corrections,* 65 F.3d 489, 492 (6th Cir. 1995). Appointment of counsel in a civil action is a privilege and is justified only by exceptional circumstances. *Lavado v. Keohane,* 992 F.2d 601, 605-606 (6th Cir. 1993). Umstead fails to show appointment of counsel is justified in these circumstances and, therefore, I deny his motion.

9

## V. CONCLUSION

For the reasons stated above, I overrule Umstead's objections, (Doc. No. 11), to Judge Knepp's Report and Recommendation, (Doc. No. 9), adopt the Report and Recommendation in full, and deny Umstead's petition. I also deny Umstead's motion for the appointment of counsel. (Doc. No. 12).

Further, for the reasons set forth in this decision, I conclude Umstead has not made a substantial showing of the denial of a constitutional right and I certify there is no basis on which to issue a certificate of appealability. 28 U.S.C. § 2253; Fed. R. App. P. 22(b).

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge